IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN B. TERRELL                                                  PLAINTIFF

VS.                                       CIVIL ACTION NO. 2:08cv94-KS-MTP

MEDICAL DEPARTMENT, et al.                                DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on June 2, 2009. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Pelicia Hall and Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time of the events in question, Plaintiff was incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3] As set forth below, Plaintiff asserts a number of

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at East Mississippi Correctional Facility.

[3] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

claims for denial of medical treatment, denial of due process and retaliation.

Plaintiff alleges that he has a "spot" on his left side which causes him burning pain, and Defendant Ron Woodall, a doctor at SMCI, has refused to give Plaintiff anything other than Ibuprofen or Tylenol, neither of which has alleviated his pain.

Plaintiff also claims that he was assaulted by Defendant Unknown Officer Brewer[4] following a disagreement in the dining hall. He claims that following the assault, he was taken to see Dr. Woodall who examined him and, finding nothing wrong, did not provide him any further medical treatment. Plaintiff claims that following the alleged assault, he suffered from severe headaches and dizzy spells.

Plaintiff also alleges that Defendant Unknown Lieutenant Grace[5] and Defendant Lieutenant John Pruett presided over disciplinary proceedings for a "bogus" RVR of which he was found guilty. Plaintiff claims that he was denied due process during these proceedings because he was not allowed to present a witness on his behalf. Plaintiff contends that the RVR was bogus because it was issued to a "Johnny Terrell," but his name is "John Terrell," although it did have his MDOC inmate number.[6] Plaintiff argues that any inmate could have gotten a hold

---

[4] Defendant Brewer has not been served with process. On October 9, 2008, a Process Receipt and Return [21] was filed stating that Mr. Brewer's first name was needed in order to effect service of process. As set forth below, Plaintiff shall have thirty (30) days to provide the court with Mr. Brewer's first name and place of current employment, so that process may be re-issued and served.

[5] Defendant Grace has not been served with process. On October 9, 2008, a Process Receipt and Return [19] was filed stating that there is "[n]o person by last name Grace employed by MDOC." As set forth below, Plaintiff shall have thirty (30) days to provide the court with Defendant Grace's full name and place of current employment, so that process may be re-issued and served.

[6] At the omnibus hearing, the court clarified that the inmate appearing before the court in this action is "John Terrell"; MDOC inmate number: 76798; date of birth: 2/12/60; county of conviction: Hinds. This information matches that on the MDOC website.

2

of his MDOC inmate number.

Plaintiff complains that he has been unable to file an ARP challenging this "bogus" RVR because he has not been provided a copy of the RVR. Plaintiff claims that Defendant Lardy Hardy[7] is responsible for the MDOC's policy of requiring inmates who file ARPs challenging RVR to include a copy of the challenged RVR.

Plaintiff claims that Defendant Lieutenant Kenneth Dixon wrote him a bogus RVR for lying to a staff member, and that Defendant Lieutenant Debra Platt wrongfully found him guilty of this RVR. Plaintiff contends that Defendant Platt did not have enough proof to find him guilty, and that she "took sides" by believing Defendant Dixon instead of him.

Plaintiff contends that he has received these bogus RVRs in retaliation for his signing of a letter to Governor Haley Barbour in which he and other inmates complained about a shakedown that had allegedly occurred at SMCI in which their property was confiscated. As a result of receiving three RVRs in one year,[8] Plaintiff claims that he was moved from "B" custody status to "C" custody status, which was resulted in greater restrictions and the loss of various privileges.

2. **MOTION TO DISMISS DEFENDANT**

At the omnibus hearing, Plaintiff made an *ore tenus* motion to voluntarily dismiss Defendant Ronald McFarland. Defendants indicated that they have no objection. Accordingly, this motion shall be granted and Plaintiff's claims against Defendant McFarland shall be

---

[7] Defendant Hardy has not been served with process. On October 9, 2008, a Process Receipt and Return [20] was filed stating that Mr. Hardy is "no longer employed." As set forth below, Defendants are to provide the court with Mr. Hardy's last known address within thirty (30) days, so that process may be re-issued and served. If that address is a personal one, Defendants shall file it with the court under seal.

[8] Based on the pleadings, as well as Plaintiff's testimony at the omnibus hearing, it appears that only two RVRs are at issue in this case.

3

dismissed without prejudice.

### 3. DISCOVERY ISSUES

Defendants shall produce to Plaintiff the following documents within thirty (30) days, to the extent that any additional documents exist within Defendants' possession, custody or control that have not already been produced at the omnibus hearing: Plaintiff's medical records; all RVRs received by Plaintiff; and all ARP requests filed by Plaintiff and responses to same.[9]

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 4. MOTIONS AND TRIAL

The deadline for the filing of motions to dismiss for failure to exhaust is June 30, 2009. The deadline for the filing of other dispositive motions (other than motions *in limine*) is August 31, 2009. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Plaintiff's *ore tenus* motion to dismiss Defendant Ronald McFarland is granted, and Plaintiff's claims against Defendant McFarland are dismissed without prejudice.

2. Defendants shall produce to Plaintiff the following documents within thirty (30) days, to the extent that any additional documents exist within Defendants' possession, custody or

---

[9] At the omnibus hearing, counsel for Defendants produced to Plaintiff what they believed to be was a complete copy of all of Plaintiff's medical records, as well as all RVRs received by Plaintiff and all ARPs filed by Plaintiff.

4

control that have not already been produced at the omnibus hearing: any medical records relating to Plaintiff's claims in the instant action; all RVRs received by Plaintiff; and all ARP requests filed by Plaintiff and responses to same.

4. Defendants are to provide the court with Mr. Hardy's last known address within thirty (30) days, so that process may be re-issued and served. If that address is a personal one, Defendants shall file it with the court under seal.

5. Plaintiff shall provide the court with Defendant Grace's full name and place of current employment, and with Defendant Brewer's first name and place of current employment, within thirty (30) days, so that process may be re-issued and served.

6. The deadline for the filing of motions to dismiss for failure to exhaust is June 30, 2009. The deadline for the filing of other dispositive motions (other than motions *in limine*) is August 31, 2009.

7. This order may be amended only by a showing of good cause.

8. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED AND ADJUDGED this the 4th day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge