IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN B. TERRELL, #76798                                           PLAINTIFF

VS.                                                      CIVIL ACTION NO. 2:08cv94-KS-MTP

MEDICAL DEPARTMENT, ET AL.                                      DEFENDANTS

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS PRISONER CIVIL RIGHTS MATTER is before the court on the Plaintiff's Motion to Appoint Counsel [44]. Having considered the motion and the entire record in this matter, the court finds and orders that the motion should be denied.[1]

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987);

---

[1] The court notes that this is Plaintiff's second motion to appoint counsel. *See* [10] (Motion to Appoint Counsel filed on July 30, 2008). The instant motion appears to be identical to the July 30, 2008 motion.

*Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212. The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213. It is also appropriate for the court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees. *See Cain*, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211. After consideration of the entire court record along with the applicable case law, the Court has determined that Plaintiff's pleadings are well presented and contain no novel points of law which would indicate the presence of "exceptional circumstances." Indeed, the complaint and other pleadings filed by Plaintiff present rather straight-forward claims arising out of the alleged denial of medical treatment, use of excessive force and denial of due process

2

during prison disciplinary proceedings. The issues are not complex or confusing and the motion simply does not justify or merit the appointment of counsel. Plaintiff is able to effectively communicate and present his side of the case as evidenced at the *Spears* hearing held in this matter, as well as in the numerous pleadings filed by Plaintiff to date. Moreover, the Court has assisted Plaintiff in obtaining any necessary discovery to support his claims. *See* Omnibus Order [29]; Order [37]. In support of his motion, Plaintiff argues - as he did in his July 30, 2008 motion - that he is mentally ill, is "having problems with his eyes seeing clearly," and is taking medication for dizziness.[2] *See* Motion [44] at 3. However, a review of the docket indicates that Plaintiff clearly has been and continues to be able to effectively prosecute this case *pro se*.

In conclusion, Plaintiff's motion simply does not justify or merit the appointment of counsel or exhibit any "exceptional circumstances." Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT Plaintiff's Motion to Appoint Counsel [44] is denied.

SO ORDERED and ADJUDGED this the 18th day of August, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] This allegations are unaccompanied by any medical support.