IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN B. TERRELL, #76798                                                    PLAINTIFF

VS.                                                     CIVIL ACTION NO. 2:08cv94-KS-MTP

MEDICAL DEPARTMENT, ET AL.                                      DEFENDANTS

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court upon a Motion to Dismiss for Failure to Exhaust Administrative Remedies [35] filed by Defendant Ron Woodall.[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. Having considered the submissions of the parties,[2] all documents made a part of the record in this case and the applicable law, the undersigned recommends that the motion be granted and that Plaintiff's claims against Defendant Woodall be dismissed for failure to exhaust administrative remedies.

Factual Background

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time of the events in

---

[1] The other Defendants in this action filed a separate Motion to Dismiss for Failure to Exhaust Available Administrative Remedies [33] on June 30, 2009 ("Defs' Motion to Dismiss"). That motion will be addressed in a separate Report and Recommendation. However, attached as exhibits to Defendants' motion are an Affidavit of David Petrie, Administrative Remedy Program (ARP) Legal Claims Adjudicator for the Mississippi Department of Corrections ("Petrie Aff."), describing Plaintiff's various filings in the ARP (Exh. A), and Plaintiff's ARP records (Exh. B). Defendant Woodall incorporated Defendants' motion and exhibits in his motion. *See* Motion [35] at 2. Accordingly, these exhibits will be referred to herein.

[2] Defendant Woodall's motion was filed on June 30, 2009. When Plaintiff had not responded, on July 22, 2009, the court entered an Order [40] directing him to respond by August 7, 2009; otherwise, he was warned that the court would consider and rule upon the motion without his response. Plaintiff did not file a response, *per se*. He did, however, file a two-paragraph "Motion to Show Cause" [44] on August 13, 2009, explaining that he had tried to exhaust administrative remedies.

question and at the time he filed the complaint in this action, Plaintiff was incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), having been convicted of a felony.[3] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[4]

As set forth in the court's June 4, 2009 Omnibus Order [29], Plaintiff asserts a number of claims against Defendants for denial of medical treatment, denial of due process and retaliation. With respect to Defendant Woodall, a physician at SMCI, Plaintiff alleges that he has refused to give him anything other than Ibuprofen or Tylenol for a "spot" he claims to have on his left side which causes him burning pain, and that these medications have not alleviated his pain. Plaintiff also claims that he was assaulted by Defendant Brewer following a disagreement in the dining hall. He claims that following the assault, he was taken to see Dr. Woodall who examined him and, finding nothing wrong, did not provide him any further medical treatment. Plaintiff claims that following the alleged assault, he suffered from severe headaches and dizzy spells.

## Summary Judgment Standard

Because Defendant has submitted matters outside the pleadings with his Motion to Dismiss [35], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[3] Plaintiff is currently incarcerated at East Mississippi Correctional Facility (EMCF). He was apparently moved there from SMCI on or about January 8, 2009. *See* [24]. Prior to that, Plaintiff was incarcerated at Wilkinson County Correctional Facility ("WCCF"), from approximately May 15, 2008. *See* [5].

[4] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the

necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Analysis

42 U.S.C. § 1997e(a) requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "[P]*roper* exhaustion of administrative remedies is necessary," meaning that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006) (emphasis added); *see also Johnson v. Ford*, 2008 WL 118365, at * 2 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, 2008 WL 116333, at * 1 (5th Cir. Jan. 11, 2008) (under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.") (citation omitted).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration." *See* MDOC Inmate Handbook, Ch. VIII, ¶ 3. The ARP is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of the institution, who will then issue a

Second Step Response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a Third Step Response is issued. At this time, the Administrator of the ARP will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies and can now proceed to court. *See* MDOC Inmate Handbook, Ch. VIII (Exh. B to Motion to Dismiss); *see also Cannady v. Epps*, 2006 WL 1676141, at * 1 (S.D. Miss. June 15, 2006).

As noted *supra*, Plaintiff alleges that Dr. Woodall, a physician at SMCI, refused to give him anything other than Ibuprofen or Tylenol for the painful "spot" he claims he has on his left side. Plaintiff also claims that he was denied medical treatment by Dr. Woodall following the alleged assault by Defendant Brewer.

A review of Plaintiff's records (Exh. B to Defs' Motion to Dismiss) reveals that Plaintiff has filed a number of grievances regarding the alleged denial of medical treatment at SMCI; however, he has not properly utilized the Administrative Remedy Process. On July 26, 2006,[5] Plaintiff filed a Request for Administrative Remedy in which he alleged that he was repeatedly being given medication by the doctor (for an unspecified illness) but that it was not working, and that he had seen the doctor that day but had only been given medication for one of his illnesses, rather than for all. *See* Exh. B to Defs' Motion to Dismiss at 36. That same day, Plaintiff sent a letter to the MDOC "Commissioner of Community Correction" in which he asserted a number of complaints regarding conditions at SMCI, including that he was being denied medical treatment. *See id.* at 41-44. In pertinent part, Plaintiff stated:

---

[5] Earlier, Plaintiff filed a Request for Administrative Remedy on July 23, 2006 in which he complained that the medical unit had refused to cut his fingernails and toenails. *See* Exh. B to Defs' Motion to Dismiss at 37. The outcome of this grievance is unclear from the record. At any rate, Plaintiff does not assert claims in the instant lawsuit regarding Defendant Woodall's refusal to cut his fingernails and toenails.

> I went to medical 7-26-06 and the Doctor in medical deny
> me my right of medical service, I filed an ARP on medical
> department but it take 6 months to get a respond from an
> ARP and I need medical attention right now as I speak. I
> have been going to medical for 6 months now for the same
> problems and all they do is keep given me the same medicine
> over and over again and it not working but my illness have
> grown worser.

*See id.* at 43.

By letter dated August 3, 2006, Plaintiff was informed that his Request for Administrative Remedy had been received by the ARP but that it was being returned because it did not specify any relief sought. Plaintiff was informed that he could re-submit a correct request, provided that it was timely[6] and in accordance with proper procedures. *See* Exh. B to Defs' Motion to Dismiss at 35. Plaintiff also received a response to his July 27, 2006 letter grievance on August 28, 2006, informing him that it was being denied for three reasons: 1) the request did not contain the phrase "This is a Request for Administrative Remedy";[7] 2) Plaintiff had attempted to file a complaint on behalf of inmates other than himself;[8] and 3) Plaintiff had requested a remedy for more than one

---

[6] "If a request is rejected for technical reasons or matters of form, the inmate shall have 5 days from the date of rejection to file his corrected grievance." MDOC Inmate Handbook, ch. 8, ¶ VI.

[7] The ARP procedures require that a request for administrative remedy must "clearly indicate the terminology 'this is a request for administrative remedy.'" The Legal Claims Adjudicator is responsible for screening all ARP requests prior to advancing them to the First Step. A ground for rejection of an ARP at this stage is failure to include this phrase. *See* MDOC Inmate Handbook (Revised - May 2008) ch. VIII Administrative Remedy Program (Exh. 2 to Motion to Dismiss).

[8] Plaintiff's letter made reference to other inmates allegedly being denied medical treatment, harassed, being denied food, being wrongfully found guilty of Rule Violation Reports, among other things. *See* Exh. B to Defs' Motion to Dismiss at 41-45.

6

incident (a multiple complaint).[9]  Plaintiff was provided with a checklist setting forth how to properly enter the ARP Process.  *See* Exh. B to Defs' Motion to Dismiss at 39-40.  There is no indication in the record that Plaintiff timely filed a corrected Request for Administrative Remedy regarding the alleged denial of medical care on July 26, 2006.[10]

On August 30, 2006, Plaintiff was informed that his recent Request for Administrative Remedy concerning medical charges[11] had been accepted; however, because Plaintiff already had ARPs under review, it was being set aside for handling in due course.  Plaintiff was informed that if he wanted to have that request handled at that time, he had to withdraw all pending ARPs.[12]  *See* Exh. B to Defs' Motion to Dismiss at 45.  Plaintiff apparently did not do so.  Thereafter, on April 14, 2007, Plaintiff filed a Request for Administrative Remedy in which he claimed that from July 2006 to April, he had been denied medical treatment.  *See id.* at 34.  By letter dated April 17, 2007, Plaintiff was informed that because he already had a previously accepted ARP concerning the same issue, this Request was being returned and would not be processed.  *See id.* at 33.

---

[9] This is one of the grounds for rejecting a Request for Administrative Remedy.  *See* MDOC Inmate Handbook, ch. VIII, at ¶ V.

[10] There are subsequent grievances filed by Plaintiff regarding alleged denial of medical treatment.  *See*, *e.g.*, Exh. B to Motion to Dismiss at 1, 2, 7-9.  However, these grievances were filed after Plaintiff had been moved to WCCF or EMCF and relate to medical treatment allegedly denied at those facilities, not at SMCI.  Therefore, these grievances have no bearing on whether Plaintiff has properly exhausted administrative remedies with respect to his claims against Dr. Woodall.

[11] This request is not in the record.

[12] The MDOC Inmate Handbook, ch. VIII, ¶ VII(A) provides:  "If an offender submits multiple requests during the period of Step One review of his request, the first request will be accepted and handled.  The others will be logged and set aside for handling at the Adjudicator's discretion."

On January 14, 2008, Plaintiff filed a Request for Administrative Remedy regarding an alleged assault upon him by Defendant Brewer and related RVR he received which he claimed was bogus. Including in this Request is a statement that he was taken to the medical department following the assault, and that the nurse that took his statement did not write down everything he told her. *See* Exh. B to Defs' Motion to Dismiss at 11-13. Plaintiff also claimed that he asked the nurse to photograph his injuries, but she refused, saying that it was not necessary. *See id.* at 12. Plaintiff does not, however, claim that he was denied medical treatment by Dr. Woodall or anyone else in the medical department.[13] Moreover, this Request was returned to Plaintiff because a copy of the completed RVR was not attached thereto, and Plaintiff was instructed that he could submit a corrected request in accordance with proper procedure. *See id.* at 10. Plaintiff apparently did not do so.

Finally, on March 8, 2008, Plaintiff filed a Request for Administrative Remedy in which he alleged that he had been refused medical treatment on or about February 21, 2008, and on an ongoing basis since February 12, 2006. This Request was accepted into the ARP, and Plaintiff received a First Step Response stating that he did not have a chronic illness and that he had been treated with medication for dizziness. *See* Exh. B to Defs' Motion to Dismiss at 25-30. Plaintiff apparently chose not to pursue this matter further by appealing to the Second Step. *See id.*; *see also* Petrie Aff. at ¶ 6 (stating that this grievance was "closed at step one.").

It is clear from the foregoing that Plaintiff has not properly exhausted his administrative remedies with respect to Dr. Woodall. Although Plaintiff filed numerous grievances regarding

---

[13] And the relief requested by Plaintiff is that the RVR be expunged and that he be compensated for his injuries (including medical expenses) - not that he receive medical treatment. *See* Exh. B to Defs' Motion to Dismiss at 13.

instances of alleged denial of medical treatment, those grievances were defective and Plaintiff apparently chose not to follow the proper procedure and re-file corrected grievances. Moreover, the grievance regarding the alleged assault by Defendant Brewer and its aftermath does not allege that Plaintiff was denied medical treatment by Dr. Woodall.

Plaintiff essentially concedes that he has failed to properly exhaust his administrative remedies. In his Response [44], Plaintiff states that he "did tried [sic] to exhaust his administrative remedies but they keep [sic] being rejected" because he had other ARP's pending and he was told that he should withdraw all other ARP's before the one regarding medical treatment could be addressed. Plaintiff avers, however, that he did not do so because he needed immediate medical treatment, and that even if he had withdrawn the other ARP's, he still would have had to wait for the completion of the three steps of the ARP program before he could get "any justice." *See* Response [44] at 2.

As stated by the U.S. Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction....

*Woodford*, 126 S.Ct. at 2388. Because Plaintiff did not properly follow the MDOC's administrative review process and failed to complete all three steps of the ARP, he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a). *See id.*; *see also Johnson*, 2008 WL 118365, at * 4 (dismissing prisoner complaint for failure to exhaust

9

administrative remedies based on untimely filing of grievance); *Lane*, 2008 WL 116333, at * 1 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to complete administrative review process); *Agee v. Berkebile*, 2008 WL 199906, at * 3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and therefore did not exhaust his administrative remedies).

Moreover, to the extent that Plaintiff is arguing that his failure to exhaust should somehow be excused, such an argument is unavailing. This is not a situation "in which the system deliberately devised procedural requirements designed to 'trap' and 'defeat [the] claims' of unwary prisoners." *Johnson*, 2008 WL 118365, at * 4 (*citing Woodford*, 126 S.Ct. at 2392) (brackets in original). Nor does Plaintiff allege, or offer any evidence, that "prison officials ... ignore[d] or "interfere[d] with [his] pursuit of an administrative remedy." *Id.* (*citing Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)). Further, there is no basis for excusing Plaintiff's failure to exhaust "based on a policy of preventing inefficiency or a failure to further the interests of justice or the purposes of the exhaustion requirement." *Id.* (*citing Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). Accordingly, the appropriate remedy is for this court to dismiss Plaintiff's claims without prejudice for failure to exhaust.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of this court that Defendant Ron Woodall's Motion to Dismiss for Failure to Exhaust Administrative Remedies [35] be granted and that Plaintiff's claims against Defendant Woodall be dismissed without prejudice for failure to exhaust.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 21st day of August, 2009.

s/ Michael T. Parker
United States Magistrate Judge
